# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**UNITED COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**FILED**

December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0049** (BOR Appeal No. 2053252)
          (Claim No. 2016002220)

**NICHOLAS J. CURRENCE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner United Coal Company, LLC, by Counsel Timothy E. Huffman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is permanent partial disability. The claims administrator granted an 18% permanent partial disability award on January 10, 2017. The Office of Judges reversed the decision in its August 10, 2018, Order and granted a 32% permanent partial disability award. The Order was affirmed by the Board of Review on December 21, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Currence, a coal miner, was injured in the course of his employment on July 21, 2015, when he was caught in a conveyer belt, dragged, and pinned between the belt and the roof. A July 22, 2015, treatment note by Uzer Kahn, M.D., indicates Mr. Currence sustained non-displaced cervical fractures from C7 to T1. He also sustained a laceration and burn to his right arm. Mr. Currence also complained of lower back and left leg pain. He was admitted to the hospital.

Treatment notes by David Lynch, M.D., indicate Mr. Currence was released to return to work on October 20, 2015. The diagnoses at that time were listed as cervical strain, transverse

---

[1] A response was not filed on behalf of Mr. Currence.

process fractures from C7 to T1, and thoracic sprain. On November 19, 2015, Dr. Lynch noted that Mr. Currence had not returned to work because the mine was shut down. He was due to be laid off. He reported that his upper back was worse. On December 10, 2015, Dr. Lynch noted that Mr. Currence had gone to the emergency room for increased pain. On December 18, 2015, it was noted that he underwent a lumbar MRI which showed bulging in the discs but no herniations. Mr. Currence was released to return to work by Dr. Hubbard on January 18, 2016. On September 16, 2016, Dr. Lynch noted that Mr. Currence was unable to work.

Joseph Grady, M.D., performed an independent medical evaluation on November 30, 2016, in which he listed the diagnoses as status post bilateral lower extremity crush injury with chronic lymphedema, healed upper right arm non-thermal burns, lower back sprain, and chronic cervicalgia with cervical sprain and fractures. For the skin burns, Dr. Grady found 0% impairment. For the lower back, Dr. Grady placed Mr. Currence in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006), and assessed 5% impairment. For the lower extremity injuries, Dr. Grady found 6% impairment for chronic lymphedema. Dr. Grady assessed 2% impairment for loss of cervical range of motion. He placed Mr. Currence in Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006) and adjusted the rating to 5% impairment. Dr. Grady's total impairment assessment was 15%.

In a December 13, 2016, addendum to his report, Dr. Grady stated that he had been provided documentation of the cervical spine injury and needed to adjust his rating. He found that Mr. Currence had 8% impairment due to the fractures and 2% impairment for loss of range of motion. Using West Virginia Code of State Rules § 85-20-E, Dr. Grady assessed 8% whole person impairment for the cervical spine. When that was combined with his prior assessment of 6% left leg impairment and 5% lumbar spine impairment, the total assessment was 18% impairment. Based on his report, the claims administrator granted an 18% permanent partial disability award on January 10, 2017.

Robert Walker, M.D., performed an independent medical evaluation on February 2, 2017, in which he found that Mr. Currence had 11% cervical spine impairment for range of motion loss and 4% impairment from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Walker then placed him in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. For the thoracic spine, Dr. Walker placed Mr. Currence in Thoracic Category II of West Virginia Code of State Rules § 85-20-D (2006) and assessed 5% impairment. Dr. Walker found 8% impairment for the lumbar spine for range of motion loss. Dr. Walker stated that since the cervical spine is the primary involved region, the lumbar spine gets no Table 75 impairment rating. Dr. Walker's total impairment rating was 19%.

Christopher Martin, M.D., performed an independent medical evaluation on April 9, 2018, in which he assessed 10% cervical spine impairment, which he then reduced to 8% per West Virginia Code of State Rules § 85-20-E. For the lumbar spine, Dr. Martin found 0% impairment. Dr. Martin assessed 6% impairment for persistent swelling of the left leg. His total recommendation was 15% impairment.

The Office of Judges reversed the claims administrator's grant of an 18% permanent partial disability award and instead granted a 32% permanent partial disability award in its August 10, 2018, Order. It found that the reports of Drs. Martin and Grady are less reliable than that of Dr. Walker because Drs. Martin and Grady failed to assess the thoracic spine. The Office of Judges noted that the claim includes two separate fractures at C7 and T1, not one fracture between the two. Therefore, the thoracic spine should have a separate rating. Dr. Martin opined in his report that the Diagnosis Related Estimate (DRE) method of rating impairment, in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2000), states that the physician must select the region of the spine that is primarily involved and rate only that region. The Office of Judges determined that Dr. Martin's opinion was incorrect for many reasons. First, West Virginia workers' compensation law has not adopted the 5th edition of the AMA *Guides*. Second, this Court invalidated the DRE method of impairment in *Repass v. Workers' Compensation Division*, 212 W. Va. 86, 569 S.E.2d 162 (2002). Third, the Office of Judges found that there is a significant difference between the impairment tables used in West Virginia Code of State Rules § 85-20 and the DRE. The DRE has three impairment zones, the lumbosacral, thoracolumbar, and cervicothoracic. It has no separate region for the thoracic spine, which conflicts with West Virginia Code of State Rules § 85-20. The Office of Judges further determined that the AMA *Guides* 4th edition provides that each region of the spine (cervical, thoracic, and lumbar) should be assessed separately. Therefore, Dr. Walker's report is the most reliable of record regarding the spine because he is the only evaluating physician who properly assessed each region of the spine.

Regarding the lower extremity, the Office of Judges determined that Dr. Walker's finding of 16% impairment was reliable. All three evaluating physicians found left lower extremity edema and placed Mr. Currence in Class 2 of Table 69 of the AMA *Guides,* which provides for impairment between 10 and 39%. Drs. Grady and Martin assessed 15% lower extremity impairment while Dr. Walker found 39% lower extremity impairment. The Office of Judges concluded that Mr. Currence has shown that he meets the criteria for Table 69 in that he has persistent edema of a moderate degree that is incompletely controlled by elastics. Dr. Grady noted in his report that Mr. Currence refuses to wear elastic hoses. He stated that they are uncomfortable and not helpful. Dr. Walker's finding of severe swelling was documented in photographs and the Office of Judges found that Drs. Grady and Martin also noted chronic swelling. The Office of Judges concluded that Dr. Grady provided no explanation for his finding of 15% impairment due to edema and Dr. Martin limited his impairment assessment to 15% based on the fact that Mr. Currence does not wear elastics. The Office of Judges found that Mr. Currence has severe edema, as documented in Dr. Walker's photographs.

Regarding the lumbar spine, the Office of Judges found that Dr. Walker's finding of 8% impairment was supported by Dr. Grady's evaluation in which he found 5% impairment. Both physicians placed Mr. Currence in Lumbar Category II, which allows for between 5 and 8% impairment. Dr. Martin's finding of 0% impairment was unreliable as his physical examination showed 5% impairment. The Office of Judges concluded that Mr. Currence is entitled to a 32% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2018.

3

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Walker's evaluation is the most reliable and persuasive assessment of Mr. Currence's permanent partial disability. He correctly used the AMA *Guides* as well as West Virginia Code of State Rules § 85-20 and arrived at a well-reasoned assessment supported by a preponderance of the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison